712 P.2d 734

STATE of Idaho, Plaintiff-Respondent,

v.

Vernon Joseph SWARTZ, Jr., Defendant-Appellant.

STATE of Idaho, Plaintiff-Respondent,

v.

Harley G. FORREY, Defendant-Appellant.

No. 15856.

Court of Appeals of Idaho.

Dec. 30, 1985.

William J. Brauner, Caldwell, for defendants-appellants.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This is an appeal by Vernon Swartz, Jr. and Harley Forrey from an order of the district court reversing dismissals by a magistrate of misdemeanor citations issued to each defendant. We uphold the district court's order.

Vernon Swartz, Jr. and Harley Forrey were cited in separate, unrelated incidents while each of them allegedly was operating his motor vehicle while under the influence of alcohol. Subsequently, they each retained the same defense counsel. The attorney filed motions to dismiss the charges. He asserted that the citations were improper and prevented the court from exercising jurisdiction over each of these defendants. Counsel alleged that, because the citations issued to both defendants had required the defendants to appear in court on a date less than five days from the date the citation was issued, the court lacked jurisdiction in their cases. Counsel relied on Idaho's Misdemeanor Criminal Rule 5(a) which provides that: "The citation shall require the defendant to appear in court on the citation at a time certain which shall not be less than five (5) nor more than twenty-one (21) days after the date of the citation." Counsel served notice on the prosecutor that the motions to dismiss would be heard on April 4, 1984 at 10:00 a.m. before Magistrate Judge Stephen Drescher.

On April 3, the day preceding the scheduled hearing on the defendants' motions, the trial court administrator set the court's calendar for the next day. He assigned the defendants' motions to Magistrate Milton Birnbaum, rather than Judge Drescher, for hearing. Notice of this assignment was posted on a bulletin board in the courthouse and a copy was given to the prosecuting attorney's office.

On April 4 at 10:00 the deputy prosecutor in charge of the defendants' cases appeared in Judge Drescher's courtroom to resist the defendants' motions to dismiss. On the same date and at the same time, the defendants' counsel appeared in Judge Birnbaum's courtroom. When the prosecutor failed to appear, Judge Birnbaum dismissed the charges against each defendant. This dismissal had occurred by the time the deputy prosecutor waiting in Judge Drescher's courtroom realized that the cases were not going to be heard by Judge Drescher that morning.

The prosecutor appealed to the district court from the dismissals. *See* I.C.R. 54(a)(3). The district court reversed, holding that Magistrate Birnbaum had abused his discretion by dismissing the cases. The district court remanded the cases to the magistrate division for further proceedings.

On appeal from the district court's order, Swartz and Forrey contend the magistrate did not abuse his discretion. They also urge that, even if the district court's order reversing the dismissals is upheld on this appeal, they are nevertheless protected from further prosecution as a result of the magistrate's dismissal of the misdemeanor citations. We will discuss the appellants' contentions in turn.

I

The appellants attack the district court's finding that the magistrate abused

his discretion in dismissing their cases. However, our role on this review does not focus on the reasoning and findings of the district court. Rather, when the district court acts in an appellate capacity on appeal from the magistrate's division, and a further appeal is taken to this Court, we will review the record independently of the decision of the district court. *State v. Hayes,* 108 Idaho 556, 700 P.2d 959 (Ct. App.1985).

■ We begin with the minutes of the proceeding before the magistrate and the magistrate's order of dismissal. The Clerk's minutes state:

This being the time heretofore set for defendant's [sic] motion hearing in the above-entitled matter, the State was not represented. Wm. J. Brauner was present on behalf of the defendants.

The Court stated that this motion had been set for 10:00 a.m., and that notice had been given as required by the rules.

Mr. Bruaner [sic] moved to dismiss these matters on the basis of of [sic] the motion and facts therein.

The Court permitted the dismissal on the basis that the State had not appeared to contest this matter.

Judge Birnbaum's order of dismissal in each case provides:

This matter having come on regularly for hearing on the 4th day of April, 1984, before the Honorable Milton Birnbaum and the grounds for the motion being set forth in the motion and the State having failed to appear at 10:00 o'clock A.M. and the Court having waited until 10:12 o'clock A.M. and the State still having failed to appear;

IT IS HEREBY ORDERED and this does ORDER that the above-entitled case be dismissed.

Idaho Criminal Rule 48 provides the authority of the court to dismiss:

*Dismissal by the court.*—(a) Dismissal on motion and notice. The court, on notice to all parties, may dismiss a criminal action upon its own motion or upon motion of any party upon either of the following grounds:

(1) [For unnecessary delay in charging the defendant or in bringing the defendant to trial], or

(2) For any other reason, the court concludes that such dismissal will serve the ends of justice and the effective administration of the court's business....

Further, whenever a court dismisses a criminal action upon its own motion or upon the motion of a party, the court must state in the order of dismissal its reasons for such dismissal. I.C.R. 48(b). *See also* I.C. § 19–3504.

Here the magistrate's orders of dismissal are patently ambiguous. On the face of the orders it is unclear whether the magistrate dismissed the charges because the defendants' motions were meritorious, or because the prosecutor had failed to appear at the hearing. On this appeal the parties have proceeded on the theory that the magistrate dismissed the cases simply because the prosecutor failed to appear. We tend to agree. The magistrate did not specifically find that the defendants' motions were meritorious and the magistrate did not specifically state, as a reason for dismissal, any ground asserted in the defendants' respective motions to dismiss. Further, we do not believe it would be proper for the magistrate to have granted a non-meritorious motion, even in the absence of resistance by the prosecutor. Instead, it appears the magistrate dismissed the charges solely because the prosecutor had failed to appear at the hearing. In so doing, the magistrate violated rule 48. No notice was given to the prosecutor that the cases would be dismissed by the court on its own volition for failure of the prosecutor to appear and resist the motions of the defendants. We believe the prosecutor was entitled to such advance notice under rule 48, affording him an opportunity to explain to the magistrate his reasons for not appearing. We hold the magistrate erred as a matter of law by dismissing the charges under the apparent circumstances of this case.

## II

We turn next to the question of the effect of the magistrate's dismissals on further prosecution of the defendants. Rule 48(c) provides: "An order for dismissal of a criminal action is a bar to any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony." *See also* I.C. § 19–3506. The appellants argue that once a dismissal order is entered on a misdemeanor charge a defendant is immune from any further prosecution upon the offense. We are not persuaded that this is true in the instant case.

It is well established that, after a misdemeanor charge has been dismissed, a defendant cannot be prosecuted under a subsequent, new complaint charging an identical offense based on the same acts as the earlier, dismissed charge. *See State v. Barter*, 80 Idaho 552, 335 P.2d 887 (1959). However, we believe that, in order for such a dismissal to be a bar to further prosecution, the dismissal must be valid and final. Here the magistrate's dismissals were neither final nor valid. The state's timely appeal prevented the dismissals from becoming final, and the invalidity of the dismissals has been established on this appeal. There has not been either a refiling by the state of any new charge nor have the defendants been subjected to "any other prosecution for the same offense." This is simply a reinstatement on appeal of an existing, erroneously dismissed case, by reversal of the order of dismissal. It is not a "reprosecution" but rather is a continued prosecution of the same charge initially filed against each defendant. We hold that continuation of this prosecution is not barred by rule 48(c).

The order of the district court on appeal, reversing the dismissals by the magistrate and remanding these cases to the magistrate division for further proceedings, is affirmed.

BURNETT and SWANSTROM, JJ., concur.