764 P.2d 111

**In the Matter of the Suspension of the Driver's License of Debra J. NOWOJ, DL/SS # 518–88–1281.**

**Debra J. NOWOJ, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 17397.**

Court of Appeals of Idaho.

Oct. 31, 1988.

Petition for Review Denied Dec. 30, 1988.

Frederick G. Loats, Coeur d'Alene, for petitioner-appellant.

---

Jim Jones, Atty. Gen., Peter C. Erbland, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

█ Debra Nowoj appeals from a district court's decision upholding a magistrate's order suspending her driver's license pursuant to Idaho's implied consent statute, I.C. § 18–8002. She presents the following issues: (1) whether the court erred in finding Nowoj did not meet her burden of proof at the hearing; (2) whether I.C. § 18–8002 violates due process because it places the burden of proof on the licensee in a license suspension proceeding; and (3) whether the civil penalty embodied in I.C. § 18–8002 is in conflict with the criminal law limitations set forth in I.C. § 39–310. The latter two issues were not submitted to the magistrate for determination but were raised only on appeal. It is well settled that issues not presented below and asserted for the first time on appeal will not be considered or reviewed. *Baldner v. Bennett's, Inc.*, 103 Idaho 458, 649 P.2d 1214 (1982). Consequently, we will limit our attention only to the first issue urged by Nowoj. For reasons explained below, we affirm.

Following the seizure of her driver's license, Nowoj timely requested an evidentiary hearing to show cause why her license should be returned. *See* I.C. § 18–8002(4)(b). The hearing revealed the following facts. On June 6, 1987, police officer Corporal Richardson noticed a maroon vehicle traveling at what appeared to be excessive speed on a public highway. He activated a radar unit which indicated the vehicle was moving sixty-five miles per hour in a zone posted for forty-five miles per hour. The vehicle was being driven by Debra J. Nowoj. Upon stopping the vehicle, Officer Richardson detected a strong odor of alcohol on her breath. When asked how much she had to drink, Nowoj admitted having two "Bud Lights" and a little wine. Nowoj was then asked to perform the standard battery of field dexterity tests. Nowoj failed all of these tests, and was placed under arrest for driving under the influence of alcohol pursuant to I.C. § 18–8004. Nowoj was read her *Miranda* warning and an advisory form containing the information regarding refusal to take a chemical test to determine the concentration of alcohol in one's blood, as required by I.C. § 18–8002(3). Officer Richardson then asked Nowoj if she would take the standard breath test used to determine alcohol concentration in the blood. Nowoj replied, "No, I won't." Nowoj was reminded that refusal to submit could result in suspension of her license for 120 days. Nowoj still refused to submit to the test and signed the advisory form indicating her intent not to comply with I.C. § 18–8002.

Upon hearing the evidence, the magistrate issued an order finding Nowoj's license was properly suspended. Nowoj appealed to the district court which affirmed the suspension order. Because the district court was acting in its appellate capacity, on appeal to this Court we review the record before the magistrate independently of, but with due regard for, the district court decision. *First Interstate Bank of Idaho, N.A. v. West*, 107 Idaho 851, 693 P.2d 1053 (1984).

█ Nowoj contends that the magistrate erred in finding she had not met her burden of proof. I.C. § 18–8002(4)(b) places the burden of proof on the licensee to establish that the police officer did not have reasonable grounds to ask the licensee to submit to a chemical analysis to determine blood-alcohol content. The first prong to Nowoj's burden of proof argument is whether Officer Richardson stopped her without probable cause. This contention merits little discussion. It is clear that exceeding the speed limit furnishes probable cause to stop a motor vehicle. *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). The second prong is whether Officer Richardson lacked probable cause to ask Nowoj to take the evidentiary test, in this case, the standard breath test. This position is untenable. Richardson's police report evidenced that he smelled alcohol on Nowoj's breath, that her eyes were bloodshot, and that she failed all of the field dexterity tests. Moreover, Nowoj admitted to the officer that she had been drinking. These

facts establish probable cause or reasonable grounds under I.C. § 18–8002 for the officer to request that Nowoj take the blood-alcohol test. *See State v. Griffiths,* 113 Idaho 364, 744 P.2d 92 (1987).

Having concluded that the magistrate committed no error, the order suspending Nowoj's driving privileges is affirmed.

BURNETT and SWANSTROM, JJ., concur.