777 P.2d 742

**In the Matter of the Suspension of the Driver's License of Robert L. VON KROSIGK.**

**Robert L. VON KROSIGK, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 17378.**

Court of Appeals of Idaho.

Aug. 2, 1989.

■■■■■■■■■■■■■■

---

William J. Brauner, Brauner, Meredith & Coffel, P.A., Caldwell, for petitioner-appellant.

Jim Jones, Atty. Gen., by Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

## PER CURIAM

This is a driver's license suspension case. The dispositive question is whether a magistrate loses jurisdiction over the suspension proceedings if a hearing is not conducted within a time provided by statute. For reasons explained below, we hold that the statutory time frame is not jurisdictional.

The background facts are undisputed. In June, 1987, while operating a motor vehicle on a public highway, Robert Von Krosigk was stopped by a police officer who suspected him of driving under the influence. Von Krosigk refused to submit to a blood-alcohol test. The officer seized Von Krosigk's license and gave him a thirty-day temporary driver's permit, as authorized by I.C. § 18–8002. Pursuant to the statute, Von Krosigk then requested a hearing on the reasons for his refusal. A hearing was scheduled within thirty days of Von Krosigk's arrest, but the magistrate later changed the hearing to a date beyond the thirty-day period specified in I.C. § 18–8002(4). Von Krosigk attended that hearing and did not object to the delay. The magistrate found that Von Krosigk had refused the test without good cause. Accordingly, she suspended his license.

On appeal to the district court, Von Krosigk contended for the first time that the magistrate had lost jurisdiction by failing to hold the hearing within thirty days. The district court affirmed the magistrate's order, declaring that the thirty-day deadline was not mandatory and, in any event, that it was not jurisdictional. Von Krosigk appealed again, bringing the issue to us.

Where, as here, the issues before us are the same as those considered by the district court sitting in an appellate capacity, we will review the record independently of, albeit with due regard for, the district court's decision. *Hentges v. Hentges,* 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct. App.1988). In this case, the parties have focused much attention on the district court's decision—particularly on the court's holding that the thirty-day statutory deadline was not mandatory. We have been cited numerous authorities discussing the elusive distinction between directory and mandatory procedural requirements. However, we do not believe this dichotomy is dispositive of the instant case. For even if the statutory requirement were mandatory, and if the magistrate erred in conducting a hearing outside the thirty-day period, the fact remains that Von Krosigk did not object until the case was on appeal in the district court.

It is axiomatic in civil cases that issues may not be raised for the first time on appeal unless they are jurisdictional. *See generally Hoppe v. McDonald,* 103 Idaho 33, 644 P.2d 355 (1982); *Kunzler v. Kunzler,* 109 Idaho 350, 353, 707 P.2d 461, 464 (Ct.App.1985). License suspensions are civil proceedings. *Matter of Griffiths,* 113 Idaho 364, 367, 744 P.2d 92, 95 (1987); *Colorado Dep't of Revenue v. Kirke,* 743

P.2d 16, 20 (Colo.1987). Consequently, the dispositive issue is one of jurisdiction.

Von Krosigk contends that if a thirty-day hearing requirement is mandatory, then it is also jurisdictional. We reject this facile equation. Violation of a mandatory requirement may constitute error, but not all errors are jurisdictional. An error is jurisdictional only if it deprives the court of personal jurisdiction over the parties or subject matter jurisdiction over the proceeding. *Brown's Tie & Lumber Co. v. Kirk,* 109 Idaho 589, 710 P.2d 18 (Ct.App. 1985).

In our view, neither of these consequences flows from a tardy license suspension hearing. If the thirty-day requirement is mandatory, the court's order following a tardy hearing may harbor an error; but it is not void. Rather, it is subject to correction on appeal if the issue has been properly raised and preserved. In this respect, we agree with the state's argument that a mandatory hearing deadline is analogous to a statute of limitation, which does not deprive the court of power to act but simply requires certain action to be taken if the issue is properly raised. *See generally Taylor v. Department of Transportation,* 260 N.W.2d 521 (Iowa 1977).

■ Accordingly, we hold that the magistrate's order, suspending Von Krosigk's license, is not void for lack of jurisdiction. We need not—and do not—decide today whether the thirty-day deadline is mandatory or directive. That question has not been preserved as a viable issue on appeal.

The decision of the district court, upholding the magistrate's order, is affirmed. Costs to respondent, State of Idaho. No attorney fees on appeal.