804 P.2d 922

**In the Matter of the Suspension of the Driver's License of Lane Paul TRIPLETT, Defendant.**

**Lane Paul TRIPLETT, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 18044.**

Court of Appeals of Idaho.

July 24, 1990.

Petition for Review Denied Feb. 20, 1991.

* Judge Burnett's specially concurring opinion was prepared prior to his resignation on July 16, 1990.

Brauner, Meredith & Coffel, P.A., Caldwell, for petitioner-appellant. William J. Brauner, Caldwell, argued.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., (argued), Boise, for respondent.

BURNETT, Justice.*

This case involves the suspension of a driver's license. The dispositive question is whether there is a constitutional right to counsel when a driver is requested by a law enforcement officer, pursuant to I.C. § 18–8002, to take a blood-alcohol test. Adhering to decisions of the Idaho Supreme Court, we are constrained to hold that there is no such right. However, we invite our Supreme Court to reexamine the issue.

The background facts are as follows. In June, 1988, while operating a motor vehicle on a public highway, Lane Paul Triplett was stopped by a police officer who suspected him of driving under the influence.

* This opinion was prepared by BURNETT, J., and voted on by the Court prior to his resignation

Triplett refused to submit to a blood-alcohol test. The officer seized Triplett's license and gave him a thirty-day temporary driver's permit, as authorized by I.C. § 18–8002. Pursuant to the statute, Triplett then requested a hearing on the license seizure. At the hearing, Triplett asserted he had a constitutional right to counsel before making a decision on whether to submit to a blood-alcohol test. This contention was rejected by the magistrate, who ordered that Triplett's driver's license be suspended for 180 days. Triplett appealed to the district court, which affirmed the magistrate's order. This appeal followed.

■ Triplett now asserts that the United States Constitution, the Idaho Constitution and various Idaho statutes provide a right to consult counsel when a motorist has been arrested for driving under the influence and has been asked to take a test of alcohol concentration. Where, as here, the issues before us are the same as those considered by the district court sitting in an appellate capacity, we will review the record independently of, albeit with due regard for, the district court's decision. *Matter of Von Krosigk,* 116 Idaho 520, 777 P.2d 742 (Ct.App.1989). On questions of law, such as those raised here, we exercise free review. *State v. Breed,* 111 Idaho 497, 725 P.2d 202 (Ct.App.1986).

I

■ We turn first to the Sixth Amendment of the United States Constitution. The United States Supreme Court has declared that the Sixth Amendment "right to counsel attaches ... at or after the initiation of adversary judicial proceedings against the defendant." *United States v. Gouveia,* 467 U.S. 180, 187, 104 S.Ct. 2292, 2297, 81 L.Ed.2d 146 (1984). When a motorist is requested to take a blood-alcohol concentration test under I.C. § 18–8002, he or she has been placed under arrest for driving under the influence. There is no doubt that "adversary judicial proceedings"

July 16, 1990.

have commenced upon the arrest. Nor can it be gainsaid that the dominant purpose of the blood-alcohol test is to obtain evidence relevant to the criminal prosecution. Indeed, the test result is likely to determine whether the prosecution will go forward and, if so, whether it will succeed. The test plainly is a critical stage—perhaps *the* critical stage—of a DUI prosecution. Accordingly, we believe that the Sixth Amendment right to counsel attaches when a DUI arrest occurs and the motorist is asked to submit to an evidentiary test.

Nonetheless, the Idaho Supreme Court has held otherwise. The Court has said that since the penalty for refusing a test—suspension of the driver's license—is civil in nature, the request to take a test is not part of a criminal proceeding. Accordingly, the Court has concluded that the Sixth Amendment right to counsel does not attach when a motorist is arrested and asked to take a test. *See Mills v. Bridges*, 93 Idaho 679, 471 P.2d 66 (1970), reaffirmed in *State v. Ankney*, 109 Idaho 1, 704 P.2d 333 (1985). With all due respect, we believe the civil nature of the *penalty* for refusing the test does not alter the criminal nature of the *proceeding*—the DUI prosecution—in which the test is requested and performed. However, we cannot disregard our current Idaho Supreme Court precedents. Therefore, we are constrained to reject the Sixth Amendment claim made by Triplett in this case; but we invite our Supreme Court to reexamine the issue.

## II

█ We now turn to Triplett's second contention, that Article 1, § 13 of the Idaho Constitution guarantees a right to counsel before any submission to an alcohol concentration test. In some circumstances, the Idaho Constitution may be interpreted by our state Supreme Court as more protective of individual rights than the United States Constitution. *See, e.g., State v. Thompson*, 114 Idaho 746, 760 P.2d 1162 (1988) (holding pen register to be a search that requires a showing of probable cause). In addition, we are aware that other state courts have concluded that their constitutions guarantee counsel in situations such as the one presented here. *See, e.g., State v. Spencer*, 305 Or. 59, 750 P.2d 147 (1988) (driver entitled to consult with an attorney before submitting to blood-alcohol test). Nevertheless, we believe that in the case at hand we cannot interpret Article 1, § 13, of the Idaho Constitution more broadly than the Sixth Amendment of the United States Constitution.

Article 1, § 13 of the Idaho Constitution provides:

13. **Guaranties in criminal actions and due process of law.**—In all *criminal prosecutions*, the party accused shall have the right to a speedy and public trial; to have the process of the court to compel the attendance of witnesses in his behalf, and to appear and defend in person and with counsel.

No person shall be twice put in jeopardy for the same offense; nor be compelled in any criminal case to be a witness against himself; nor be deprived of life, liberty or property without due process of law.

(Emphasis added.)

Thus, under our state Constitution, like the Sixth Amendment, an accused enjoys the right to counsel in "criminal prosecutions". As noted above, our state Supreme Court has held that proceedings under I.C. § 18–8002 are civil, not criminal. Moreover, in *State v. Woolery*, 116 Idaho 368, 373, 775 P.2d 1210, 1215 (1989), our Supreme Court said, "Idaho Code § 18–8002 is devoted entirely to the administrative, or civil, suspension of the license of a driver. This section does not in any way discuss criminal offenses related to driving under the influence of alcohol." Given this language, we do not see how our Supreme Court would apply the state constitution differently from the Sixth Amendment to a blood-alcohol test requested under I.C. § 18–8002. Following our current Supreme Court precedent, we are constrained to hold that the test is outside the scope of a "criminal prosecution" for the purpose of Article 1, § 13 of the Idaho Constitution. Again, however, we invite our Supreme Court to reexamine the issue.

### III

Finally, we turn to Triplett's argument that Idaho Code §§ 19–106, 19–851 and 19–853 create a statutory right to counsel before one is asked to submit to a blood-alcohol test. In response, the state submits that Triplett failed to raise this issue before the magistrate and, therefore, we should not address it on appeal. It is well-settled law that an appellate court will not address issues which were not raised below. *Matter of Nowoj*, 115 Idaho 34, 764 P.2d 111 (Ct.App.1988) (review denied). Our examination of the rather limited record before us confirms that this issue was not raised before the magistrate, although it may have been raised tardily in the district court. Consequently, the issue has not been adequately framed and preserved for appeal. Even if the issue were properly before us, we would find Triplett's position to be unpersuasive. *See McNeely v. State*, 119 Idaho 911, 804 P.2d 911 (Ct. App.1990).

Accordingly, the appellate decision of the district court, upholding the magistrate's suspension of Triplett's driver's license, is affirmed. Costs to respondent, State of Idaho. No attorney fees awarded on appeal.

McQUADE, J. pro tem., concurs.

SWANSTROM, J., concurs in the result as to Parts I and II, and concurs fully as to Part III.