825 P.2d 104

**STATE of Idaho, Plaintiff–Respondent,**

v.

**William James SCHMIDT, Defendant–Appellant.**

**No. 18964.**

Court of Appeals of Idaho.

Jan. 28, 1992.

Ringert, Clark, Harrington, Reid, Christenson & Kaufman, of Boise, for defendant-appellant. David Hammerquist argued.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen. of Boise, for plaintiff-respondent. Myrna A.I. Stahman argued.

SILAK, Judge.

This is an appeal by William James Schmidt from an appellate decision of the district court reversing a magistrate's orders suppressing evidence and dismissing a citation for driving under the influence of alcohol. For the reasons stated below, we uphold the decision of the district court reversing the orders of the magistrate.

The underlying facts may be stated briefly. A police officer stopped Schmidt after Schmidt drove his car through a red light. The officer smelled alcohol on Schmidt's breath. After Schmidt failed field sobriety tests, the officer took him to the police station where an Intoximeter test showed a breath-alcohol concentration in excess of the statutory limit. Schmidt was charged with driving under the influence of alcohol. Before trial, Schmidt moved to suppress the results of the Intoximeter test. Though he admitted proceeding through an intersection on a red light, he maintained that the officer had no reason to stop him because the intersection was part of an extensive road construction project and the light in question was malfunctioning. The magistrate concluded that the officer was not justified in making the stop and granted the motion to suppress. The magistrate subsequently dismissed the DUI charge.

The state appealed the orders suppressing the evidence and dismissing the citation. The district court reversed the magistrate's orders on the basis that the officer had made a valid investigative stop. The district court then remanded the case to the magistrate division for trial. Schmidt appeals the decision of the district court.

■ As a preliminary matter, we note our standard of review. When the district court acts in an appellate capacity on appeal from the magistrate's division, and a further appeal is taken to this Court, we will review the record independently of the decision of the district court. *State v. Swartz*, 109 Idaho 1033, 1035, 712 P.2d 734, 736 (Ct.App.1985). On suppression questions, our review of probable cause determinations is bifurcated. We defer to the lower court's findings of fact when supported by substantial evidence; however, we exercise free review over the lower court's determination of whether constitutional requirements were satisfied in light of the facts found. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App.1988). In determining whether probable cause existed, our inquiry turns on whether the officer possessed facts that would lead a person of ordinary prudence to entertain an honest belief that the suspect has committed a crime. *State v. Loyd*, 92 Idaho 20, 23, 435 P.2d 797, 800 (1967); *see, e.g., In re Griffiths*, 113 Idaho 364, 368, 744 P.2d 92, 96. An officer may draw reasonable inferences from the facts in his possession, and those inferences may

be reflective of the officer's experience and law enforcement training. *Montague*, 114 Idaho at 321, 756 P.2d at 1085, *citing United States v. Ortiz*, 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed.2d 623 (1975).

 Schmidt argues that the police officer stopped him without probable cause. It is undisputed that the traffic light was red when Schmidt drove through it, but Schmidt contends that the officer should have known that the light was broken because it had been red for an inordinately long period of time. Because the light allegedly was broken, Schmidt argues that probable cause to stop him did not exist. We disagree. It is clear that driving through a red stop light is a traffic offense.[1] The commission of a traffic offense gives police probable cause to stop a vehicle. *See, e.g., State v. Ryan*, 117 Idaho 504, 506, 788 P.2d 1327, 1329 (1990) (exceeding the speed limit furnishes probable cause to stop a motor vehicle); *Griffiths*, 113 Idaho at 368, 744 P.2d at 96 (1987) (exceeding the speed limit and repeatedly failing to stay within one's traffic lane furnishes probable cause to stop a motor vehicle); *In re Nowoj*, 115 Idaho 34, 35, 764 P.2d 111, 112 (Ct.App.1988) (exceeding the speed limit furnishes probable cause to stop a motor vehicle); *State v. Jones*, 115 Idaho 1029, 1032, 772 P.2d 236, 239 (Ct. App.1989) (illegal left turn furnishes probable cause to stop a motor vehicle); *see generally Delaware v. Prouse*, 440 U.S. 648, 651, 99 S.Ct. 1391, 1394, 59 L.Ed.2d 660 (1979) (traffic offenses give police probable cause to stop a motor vehicle). Schmidt committed a traffic offense by driving through a red light; this gave the police officer probable cause to stop him. Because the initial stop was valid, the magistrate erred in suppressing the officer's observations tending to prove that Schmidt was driving under the influence of alcohol. *Compare State v. Emory*, 119 Idaho 661, 664, 809 P.2d 522, 525 (Ct.App.1991) (evidence that defendant was driving under the influence was suppressed because defendant's five-to-six second pause at green light and driving close to parked vehicles did not create reasonable and articulable suspicion that defendant was engaged in criminal activity).

We turn next to the question whether further prosecution of the misdemeanor offense of driving under the influence of alcohol is barred by I.C. § 19–3506. Schmidt challenges the portion of the district court's decision remanding the case for trial after the reversal of the suppression order. Schmidt argues that, following the dismissal of the citation by the magistrate division, the state can obtain only an advisory ruling but cannot prosecute the misdemeanor at trial.

 Schmidt's interpretation of I.C. § 19–3506 is incorrect. Idaho Code § 19–3506 states:

> **Effect of dismissal at bar.**—An order for the dismissal of the action, as provided by this chapter, is a bar to any other prosecution for the same offense, if it is a misdemeanor; but it is not a bar if the offense is a felony.

We have previously interpreted this statute in a similar procedural context. In *Swartz*, we held that, in order for a magistrate's order of dismissal to act as a bar to continued prosecution of the same misdemeanor offense, the order of dismissal must be valid and final. *Swartz*, 109 Idaho at 1036, 712 P.2d at 737. In *Swartz*, the state timely appealed dismissals of actions against two defendants for the misdemeanor of driving under the influence of alcohol. On appeal, this Court concluded that the dismissals were invalid and that the state's timely appeal prevented the dismissals from becoming final. Consequently, the court's dismissal did not bar further prose-

---

1. Schmidt argues that he did not commit a traffic offense by driving through the red light because he stopped and yielded before he entered the intersection. He argues that I.C. § 49-209 requires only that a driver stop and yield at a solid red light. We reject this contention.

Boise City Ordinances 10–3–2 and 10–4–3(c) indicate that traffic may not cross through an intersection when facing a steady red signal at a traffic control light. *See also* I.C. §§ 49–801 and 49–802(3).

cution of the defendants. The same is true in the present case. Because the state filed a timely appeal to the dismissal of Schmidt's case, the dismissal is not final. Therefore, upon reversal of the dismissal order, the case can be remanded for trial.

The decision of the district court on appeal, reversing the orders of the magistrate suppressing evidence and dismissing the DUI citation, and remanding the case to the magistrate division for further proceedings, is affirmed.

WALTERS, C.J., and FULLER, J., pro tem, concur.