850 P.2d 207

In the Matter of the Suspension of the Driver's License of Patrick Gifford.

Patrick GIFFORD, Petitioner–Appellant,

v.

STATE of Idaho, Respondent.

No. 20004.

Court of Appeals of Idaho.

March 29, 1993.

Mark A. Ingram, Burley, for appellant.

Larry EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for respondent.

This Court's prior opinion dated March 8, 1993, is hereby withdrawn.

## SUBSTITUTE OPINION

WALTERS, Chief Judge.

Patrick Gifford's driver's license was seized by a police officer after he refused to take an evidentiary test to measure his alcohol concentration. Pursuant to I.C. § 18–8002(4), Gifford requested a hearing to show cause why his license should be returned. Following the hearing, the magistrate determined that Gifford's driving privileges should be suspended. Gifford seeks to overturn the magistrate's decision, arguing that (1) the show-cause hearing was not conducted within the statutory period; and (2) the seizing officer lacked probable cause to request him to submit to the test. For the reasons explained below, we affirm.

### Facts and Procedural Background

The record establishes the following facts. On October 21, 1991, at approximately 4:00 in the morning, Officer Bret Wood arrived at the scene of an accident evidently involving Gifford's pickup truck—then unattended—and two other vehicles. Officer Wood observed Gifford walk up to the truck and questioned him. Gifford initially denied the truck was his, but then admitted he owned the vehicle. He also conceded he had been drinking but denied driving. To explain his presence,

Gifford claimed his truck had been stolen and that he had been searching for it on his bicycle when he came upon the scene. Disbelieving Gifford's story, Officer Wood arrested him for driving under the influence and requested that he take an evidentiary test to determine his alcohol concentration. When Gifford refused to take the test, Officer Wood seized his driver's license.

Gifford timely requested a hearing to show cause why his license should be returned and his driving privileges reinstated. The magistrate twice continued the hearing date and ultimately conducted it on December 31, 1991. At the outset of the hearing, Gifford moved for dismissal and reinstatement of his privileges on the ground that the statutory period for holding the suspension hearing had expired. The magistrate denied the motion. At the conclusion of the hearing, the magistrate held that Gifford had failed to meet his burden of proof and ordered his driving privileges suspended for 180 days. Gifford appealed to the district court, which affirmed the magistrate's order. On further appeal to this Court, Gifford seeks to overturn the magistrate's decision, arguing that (1) the show-cause hearing, held seventy-one days after his license had been seized, was not conducted within the statutory period; and (2) the seizing officer lacked probable cause to request him to submit to the test.

### Timeliness of Hearing

■ We first turn to Gifford's assertion that the magistrate erred by not reinstating his driving privileges when the evidentiary hearing was not conducted within the statutory period. Idaho Code § 18–8002(4)(b) provides that "if requested, the hearing must be held within thirty (30) days from the seizure unless this period is, for good cause shown, extended by the court for one (1) additional thirty (30) day period," thus prescribing a maximum period of sixty days within which the trial court must hold the hearing. The record in this case shows that Gifford's evidentiary hearing was held seventy-one days after police seized his license-eleven days after the statutory period had expired.

■ A magistrate does not lose jurisdiction over license suspension proceedings by failing to hold a timely hearing as to whether probable cause existed for a defendant's refusal to submit to alcohol testing. *In re Matter of Von Krosigk,* 116 Idaho 520, 777 P.2d 742 (Ct.App.1989). Thus, unless properly raised and preserved in the lower court, an objection to the timeliness of such a hearing will not be reviewed on appeal. *Id.,* 116 Idaho at 521, 777 P.2d at 743. Furthermore, it is the obligation of the appellant to make and present a record to substantiate his claim of error. *See State v. Chavez,* 120 Idaho 460, 816 P.2d 1017 (Ct.App.1991); *see also State v. Hobbs,* 101 Idaho 262, 611 P.2d 1047 (1980).

Although Gifford has failed to provide a transcript of the proceedings before the magistrate, both parties indicate that the court originally scheduled the case for hearing within the thirty-day period, and that on Gifford's motion, the court continued the hearing to December 9, which was still within the sixty-day period. Although there is no record of what happened on that day, the parties indicate that Officer Wood was sick with the flu and that upon the state's request to reset the hearing date, the court rescheduled the proceeding for December 31, 1991. When the matter finally came up for hearing, Gifford moved, on grounds of untimeliness, to have the proceeding dismissed and his driving privileges reinstated.

From the limited record presented on appeal, we observe that Gifford brought the issue of timeliness to the magistrate's attention after the statutory period had run, twenty-two days after the court had granted the continuance. However, Gifford has presented nothing to indicate whether he had objected to or agreed to continuing the proceedings to a date outside the statutory period. Without such information, we cannot discern whether Gifford waived his objection to timeliness, whether the magistrate erred in conducting an untimely hearing, or whether error, if any, was invited by Gifford. Absent an

adequate record to conduct review, we will not disturb the magistrate's decision to proceed with the suspension hearing.

### Probable Cause Determination

 Gifford also asserts that the magistrate erred in denying him relief on the merits of his show-cause motion. The relevant statute, I.C. § 18–8002(4), provides that once a license has been seized, the burden is on the licensee to prove that his or her license must be reinstated. A licensee may prevail in a license suspension hearing, by proving that the requesting officer lacked probable cause[1] to request the licensee to submit to a breath test. *Id.; In re Matter of Griffiths,* 113 Idaho 364, 744 P.2d 92 (1987). An officer has "probable cause" to request that a licensee submit to an alcohol test if the officer possesses facts which would lead a person of ordinary prudence to entertain an honest belief that the driver had been driving or in actual physical control of a motor vehicle while under the influence of alcohol.[2] *See Griffiths,* 113 Idaho at 368, 744 P.2d at 96; *State v. Emory,* 119 Idaho 661, 664, 809 P.2d 522, 525 (Ct.App.1991). The officer may draw reasonable inferences from the facts, and those inferences may be drawn in light of the officer's experience and law enforcement training. *See United States v. Ortiz,* 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed.2d 623 (1975); *State v. Loyd,* 92 Idaho 20, 435 P.2d 797 (1967); *State v. Montague,* 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct.App.1988).

 When reviewing a probable cause determination, we defer to the trial court's findings of fact supported by substantial evidence. However, we exercise *de novo* review over the question whether the facts as found are sufficient to constitute proba-

ble cause. *State v. Quimby,* 122 Idaho 389, 834 P.2d 906 (Ct.App.1992); *Montague,* 114 Idaho at 321, 756 P.2d at 1085. Where, as here, an appeal is first taken to the district court, further review will be conducted with due regard for, but independent of, the district court's appellate decision. *State v. Schmidt,* 121 Idaho 381, 825 P.2d 104 (Ct.App.1992); *State v. Swartz,* 109 Idaho 1033, 1035, 712 P.2d 734, 736 (Ct.App.1985). Because the transcript of the testimony given at the evidentiary hearing has not been made part of the record in this appeal, we must presume that the facts found by the magistrate were supported by the evidence. *See State v. Hardman,* 121 Idaho 873, 828 P.2d 902 (Ct.App.1992). Our task, then, is to determine whether the facts found by the magistrate are sufficient to constitute probable cause.

 The facts as found by the magistrate establish the following:

> During the investigation the officer observed the defendant approach from the lawn nearby. When asked if the vehicle was his, the defendant denied that the vehicle was his or that he was driving it. The defendant made no indication to the officer at all that it was his nor that it had been stolen. There was also no statement by anyone that the defendant was ever seen driving the vehicle. The officer noticed fresh blood on the defendant's forehead. This appeared to match up with a spider mark break in the glass of the windshield of the vehicle. The defendant also had red but not bleeding knuckles that would match up with marks on the dash of the vehicle. After observing the defendant looking in the truck, the officer asked him if he was the

---

**1.** The statute was subsequently amended in 1992 by substituting the phrase "legal cause" for the phrase "probable cause." See 1992 Idaho Sess. Laws, ch. 133, § 1, p. 416.

**2.** We are not faced with the question in this case whether the officer had probable or legal cause to "stop" the vehicle while it was being driven by Gifford; the vehicle already was stopped when the officer came on the scene. Instead, we are concerned with whether the officer's request for Gifford to take the alcohol concen-

tration test was based upon reasonable grounds to believe Gifford had been driving the vehicle while he was under the influence in violation of I.C. § 18–8004 or § 18–8006, as required by I.C. § 18–8002(1). *See, e.g., Mason v. State, Dept. of Law Enforcement,* 103 Idaho 748, 653 P.2d 803 (Ct.App.1982). In this regard, the term "reasonable grounds" has been equated with "probable cause." *Griffiths,* 113 Idaho at 367, 744 P.2d at 95.

owner, and the defendant admitted he was. He also stated that he had been riding his bicycle and came upon the scene. His bicycle was seen by the officer leaning against the truck. The officer found dust on the seat of the bike. . . .

The officer observed a strong odor of alcohol coming from the defendant. The defendant first denied drinking and then admitted to drinking. The defendant was thick-tongued and had trouble keeping his balance. His eyes were bloodshot and glassy.

Gifford does not dispute that this information was sufficient from which the officer could form a reasonable belief that Gifford was under the influence of alcohol. Instead, Gifford maintains that Officer Wood had no evidence to indicate that Gifford had been driving or in actual physical control of a motor vehicle and therefore lacked probable cause to request him to submit to an alcohol test. We disagree.

Although the officer lacked any direct evidence that Gifford had been driving, Gifford's ownership of the vehicle, his presence at the scene, and his apparent head injury which matched the damage to the pickup's windshield, provided ample circumstantial evidence from which Officer Wood legitimately could infer that Gifford was the driver of the pickup. Moreover, Gifford's failure to immediately notify the officer of the supposed theft permitted Officer Wood to discredit Gifford's explanation that his truck had been stolen; Officer Wood's observation of dust on the seat of the bicycle tended to undermine Gifford's claim that he recently had ridden it.

Upon these facts we conclude, as did the magistrate, that a reasonable and prudent person would believe that Gifford, who admittedly had been drinking, had driven his pickup truck to the scene. Although this was not the only conceivable inference to be drawn, it was a probable and plainly reasonable inference. Accordingly, we conclude that the magistrate did not err in determining that Officer Wood had probable cause to request that Gifford submit to an alcohol test.

The decision of the district court upholding the magistrate's suspension of Gifford's driving privileges is affirmed. Costs to respondent. No attorney fees on appeal.

SWANSTROM, J., and McQUADE, J., pro tem., concur.