65 P.3d 534

**In the Matter of the Driver's License Suspension of Kevin Thompson.**

**Kevin THOMPSON, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 28270.

Court of Appeals of Idaho.

March 5, 2003.

Randy J. Stoker, Chtd., Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

Kevin Thompson appeals from a driver's license suspension arising from his refusal to submit to a breath test following his arrest for driving under the influence. He asserts that the magistrate erred in suspending his driving privileges because the record did not support a finding that the arresting officer had legal cause to request that Thompson take a breath test. He also alleges that his due process rights were violated because he was not informed that he could not be charged for driving under the influence (DUI) if he passed a breath test.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

At a little after 1 a.m. on a Saturday morning, Thompson was stopped by Officer Donald Thom for driving thirty-five miles per hour in a twenty-five-mile-per-hour zone. When Officer Thom spoke to Thompson, he detected a strong odor of alcohol, but upon being questioned about it, Thompson denied drinking any alcoholic beverages that night. Thom also noted that Thompson avoided making eye contact with him. Believing that the alcoholic odor was coming from Thompson's breath, Officer Thom asked Thompson to get out of the vehicle and perform a series of field sobriety tests. Thompson exited the car but refused to perform the tests, stating that he had been told to "never perform field sobriety tests." At this time, Thom observed that Thompson's eyes were bloodshot and that his pupils were atypically dilated. Thom urged Thompson to take the tests, telling him that if he refused he would be arrested for DUI. Thompson again refused and was placed under arrest and transported to the Twin Falls County Jail. At the jail, Thom read Thompson the standard advisory form prescribed by Idaho Code § 18–8002A(2), which informed Thompson that if he refused evidentiary testing for alcohol his driver's license would be suspended, subject to his right to request a hearing to show cause for the refusal. Thom then asked Thompson submit to a breath test, but Thompson refused. Upon his refusal, Thompson's driver's license was seized pursuant to I.C. § 18–8002(4) and he was issued a citation for driving under the influence. Thompson requested a hearing to demonstrate why his license should not be suspended as a result of his refusal to submit to the breath test. At the hearing in the magistrate court, Thompson argued that his license should not be suspended because: (1) Officer Thom did not have the requisite legal cause to request that Thompson take the breath test, and (2) Thompson's right to due process was violated because he was not told that if he took the test and passed, he would not be charged with driving under the influence. The magistrate upheld the suspension and Thompson appealed to the district court, which affirmed. Thompson now further appeals to this Court.

## II.

## ANALYSIS

### A. Legal Cause to Request Breath Test

By terms of I.C. § 18–8002(1), any person who drives a motor vehicle on the highways of this state is deemed to have given consent to evidentiary testing to determine concentration of alcohol or other intoxicants, so long as the peace officer making the request for testing has reasonable grounds to believe that the person has been driving or in physical control of a vehicle while under the influence of such substances. *See State v. Nickerson*, 132 Idaho 406, 410, 973 P.2d 758, 762 (Ct.App.1999); *State v. Harmon*, 131 Idaho 80, 85, 952 P.2d 402, 407 (Ct.App.1998). If a driver refuses to submit to testing as requested by a peace officer, his driver's license must be seized by the peace officer and, unless the driver requests a hearing on the matter, the license will be suspended. I.C. § 18–8002(4)(a), (c). The individual may request a hearing to show why his license should not be suspended. I.C. §§ 18–8002(4)(b); –8002A(2). Following such hearing, if the court finds that the peace officer lacked "legal cause to stop and request [the driver] to take the test or that the request violated his civil rights," no suspension will be ordered. I.C. § 18–8002(4)(b). Absent such a finding, the court must immediately suspend the individual's license. *Id.*

The question presented by the present appeal is whether Officer Thom had the requisite "legal cause" to ask Thompson to submit to a breath test. Thompson argues that the "legal cause" to request evidentiary testing referenced in § 18–8002(4)(b) is probable cause for an arrest. He contends that Officer Thom did not have probable cause to believe that Thompson had been driving under the influence of alcohol when Thom requested the breath test and, therefore, Thompson's refusal of the test should not have resulted in suspension of his license.

The State agrees that probable cause is the applicable prerequisite for an officer to request a breath test. However, despite the State's concession, it is not at all clear that probable cause is the standard. The decision cited by the State for application of a probable cause standard, *Deen v. State,* 131 Idaho 435, 958 P.2d 592 (1998), merely noted that the legislature, in a 1992 amendment, changed the wording in the statute from "probable cause" to "legal cause" in order to allow the appropriate standards to be applied to both the traffic stop and the request. *Id.* at 436, 958 P.2d at 593.[1] Our decision in *State v. Ferreira,* 133 Idaho 474, 988 P.2d 700 (Ct.App.1999), suggests that the lesser standard of reasonable suspicion might suffice, for we there held that officers may administer roadside field sobriety tests on the basis of reasonable suspicion. However, the standard required for transporting an individual to a law enforcement building or hospital for breath, urine or blood testing was not at issue in *Ferreira,* and it therefore is not determinative of the "legal cause" standard under § 18–8002(4)(b). The present case, however, is not one that requires resolution of this narrow issue, for even assuming that probable cause sufficient to support an arrest is the correct standard to be applied, we hold that that standard is satisfied here.

Probable cause for an arrest exists where the facts and circumstances within the officer's knowledge and of which he has reasonably trustworthy information, are sufficient to warrant a prudent person in believing that the suspect has committed or is committing an offense. *Hunter v. Bryant,* 502 U.S. 224, 228, 112 S.Ct. 534, 536–37 116 L.Ed.2d 589, 595-96 (1991); *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 225–26, 13 L.Ed.2d 142, 145 (1964); *Brinegar v. United States,* 338 U.S. 160, 175–76, 69 S.Ct. 1302, 1310-11, 93 L.Ed. 1879, 1890–91 (1949); *State v. Julian,* 129 Idaho 133, 137, 922 P.2d 1059, 1063 (1996). When assessing a police officer's determination of probable cause in the field, a court must take into consideration "the factu-al and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *State v. Kysar,* 116 Idaho 992, 993, 783 P.2d 859, 860 (1989) (quoting *Brinegar,* 338 U.S. at 175, 69 S.Ct. at 1310, 93 L.Ed. at 1890). Courts must also give recognition to the expertise of the officer. "In determining whether there is probable cause for an arrest, an officer is entitled to draw reasonable inferences from the available information in light of the knowledge that he has gained from his previous experience and training." *Kysar,* 116 Idaho at 993, 783 P.2d at 860. *See also Ornelas v. United States,* 517 U.S. 690, 700, 116 S.Ct. 1657, 1663–64, 134 L.Ed.2d 911, 921 (1996); *United States v. Ortiz,* 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed.2d 623 (1975); *United States v. Brignoni–Ponce,* 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975).

In the present case, the officer observed Thompson driving ten miles per hour in excess of the twenty-five-mile-per-hour speed limit, detected a strong odor of alcohol on Thompson's breath, observed that he had bloodshot eyes and dilated pupils, and was aware that Thompson had refused to take field sobriety tests which could have confirmed or dispelled the suspicion of intoxication. Thompson had also continued traveling for about a quarter-mile after the officer turned on his overhead lights to signal Thompson to stop. Thompson did not have slurred speech nor difficulty walking, but because of the alcohol odor on his breath, the officer had reason to believe that Thompson had lied when he denied having been drinking. When these events occurred, it was a very late hour on a weekend night. Collectively, these circumstances are sufficient to support a reasonable belief that Thompson had been driving under the influence of alcohol.

Thompson argues vigorously that mere speeding is not an indication that a driver is under the influence and therefore Officer Thom had no basis to believe that Thompson

1. *Gifford v. State,* 123 Idaho 558, 561, 850 P.2d 207, 210 (Ct.App.1993); *State v. Cooper,* 119 Idaho 654, 659, 809 P.2d 515, 520 (Ct.App.1991), *State v. Armbruster,* 117 Idaho 19, 20, 784 P.2d 349, 350 (Ct.App.1989), and *Matter of Nowoj,* 115 Idaho 34, 35–36, 764 P.2d 111, 112–13 (Ct.App. 1988), applying a probable cause standard, are not instructive because when those cases arose, the statute expressly required probable cause.

**516**

had ingested enough alcohol to impair his driving ability.[2] We cannot wholly agree with this proposition. Admittedly, speeding very frequently occurs without alcohol use, and neither the speeding nor any of the other observations made by Officer Thom, standing alone, would create probable cause for a DUI arrest. Nevertheless, Thompson's driving behavior of exceeding the speed limit and traveling for a quarter-mile before stopping in response to the officer's overhead lights, when coupled with the other evidence of alcohol use and the inference of consciousness of guilt that can be drawn from Thompson's refusal of field sobriety tests and denial that he had been drinking despite the odor of alcohol on his breath, gives rise to probable cause to believe that Thompson had been driving while under the influence. Accordingly, if probable cause for arrest is a prerequisite to an officer's valid request for a breath test, that prerequisite was met here. It follows that the magistrate was correct in suspending Thompson's driver's license pursuant to I.C. § 18–8002(4)(b).

**B. Due Process**

 Thompson also asserts that his due process rights were violated because the advisory form prescribed by I.C. § 18–8002 did not include a notification that, pursuant to I.C. § 18–8004(2), he could not be charged for driving under the influence if he took the breath test and passed it. Thompson's argument, in essence, is that the State, acting through the police officer, bore the obligation to give him legal advice about all consequences of taking or refusing the breath test, not just those consequences delineated in I.C. § 18–8002A(2). We are unpersuaded. The legislature, in I.C. § 18–8002, has set

forth a list of matters about which a person must be advised when evidentiary testing is requested, including the consequences of refusal. The legislature has not deemed it necessary to include the consequences that will follow if a person submits to and passes the breath test, and we have no authority to add to the statutory formulation. Thompson has offered no explanation as to how the Due Process Clauses of the state and federal Constitutions required that he be afforded additional legal advice, and he has cited no authority from any jurisdiction to support his contention. Therefore, we hold that Thompson has not demonstrated a deprivation of due process.

## III.

## CONCLUSION

We conclude that Officer Thom had probable cause to believe that Thompson had been driving under the influence when the officer asked Thompson to submit to a breath test. We also hold that there was no violation of Thompson's due process rights. Accordingly, the district court's appellate decision affirming the magistrate's order for suspension of Thompson's driver's license is affirmed.

Judge PERRY and Judge GUTIERREZ concur.

---

2. A violation of I.C. § 18–8004, which prohibits driving under the influence, may be proved in either of two ways—by direct and circumstantial evidence that use of alcohol has impaired the vehicle operator's ability to drive or, alternatively, by test results showing that the alcohol concentration in the operator's blood, breath or urine exceeded the statutory limit. I.C. § 18– 8004; *State v. Andrus*, 118 Idaho 711, 713, 800 P.2d 107, 109 (Ct.App.1990). According to Thompson's reasoning, before an officer may request an alcohol concentration test, which will nearly always be necessary to prove guilt under the second method, the officer must have probable cause evidence of a violation under the first method.