**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44110**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | **2017 Unpublished Opinion No. 340** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: February 1, 2017** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| JESSICA LYNN KING, | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. D. Duff McKee, District Judge. Hon. Debra Orr and Hon. Jayme Sullivan, Magistrates.

Order of the district court, on intermediate appeal from the magistrate, vacating judgment of conviction for driving under the influence, <u>reversed</u>.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant.

Tera A. Harden, Canyon County Public Defender; Jonathan M. McCabe, Deputy Public Defender, Caldwell, for respondent.

---

MELANSON, Judge

The State appeals from the district court's order, on intermediate appeal from the magistrate, reversing an order denying Jessica Lynn King's motion to suppress and vacating her judgment of conviction for driving under the influence (DUI). For the reasons set forth below, we reverse the district court's order.

An officer witnessed King engage her left turn signal and drive through two or three intersections before turning left.[1] The officer stopped King and observed that her eyes were

---

[1] The State contends that King passed through three intersections with her turn signal engaged before turning. King maintains that the officer's report and testimony on cross-examination indicated King passed through two intersections. The magistrate said King passed

1

glassy and bloodshot.  After King admitted she had been drinking and failed field sobriety tests, the officer arrested King.  King was charged with DUI.  I.C. § 18-8004(1)(a).  King filed a motion to suppress evidence that she was under the influence.

At the suppression hearing, the officer testified that he stopped King because it was late at night and she drove through three intersections with the left turn signal engaged.  The officer testified that, based on his sixteen years of experience, it was abnormal behavior and, combined with the late time, he was concerned that King was intoxicated.  King argued that her behavior did not violate any law and that the officer's suspicion was mere speculation.  The magistrate found that the officer had a reasonable articulable suspicion that King was driving under the influence and denied the motion to suppress.  King entered a plea of guilty, reserving the right to appeal the magistrate's denial of King's motion to suppress.  King appealed to the district court.

On appeal, the district court reversed the magistrate's order denying the motion to suppress, reasoning that the lateness of the hour and the extended time King engaged the left turn signal did not give rise to a reasonable suspicion that she was intoxicated.  The district court reasoned that, an ignored or forgotten turn signal is a common behavior and that, without additional driving error to elevate the behavior to a traffic offense or to indicate King was intoxicated, the officer's mere assertion of suspicion was not reasonable.  The district court reasoned that King's execution of the left turn at the third intersection dissipated the officer's reasonable suspicion that King was driving inattentively.  The State appeals.

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings.  *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009).  If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district

---

through "at least two intersections" and then based its decision on King passing through two intersections.  For the purposes of this opinion, it is immaterial whether King passed through two or three intersections before turning left.

court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id*.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

On appeal, the State argues that the district court ignored Idaho Supreme Court precedent when it determined that the officer did not have a reasonable suspicion of inattentive driving. Specifically, the State contends that the district court improperly distinguished the facts of this case from *Deen v. State*, 131 Idaho 435, 958 P.2d 592 (1998). The facts in *Deen* are almost identical to the facts in this case. At midnight, the officer stopped a driver who drove through three consecutive intersections with the right turn signal engaged. The officer noticed an odor of alcohol on the driver's breath and arrested her after she admitted to drinking, failed field sobriety tests, and refused to take an evidentiary test to determine her blood alcohol concentration. The driver argued that the officer lacked reasonable suspicion of a traffic violation or criminal violation. The officer characterized the stop as a public safety investigation but did not state a statutory basis for the stop. Although the State did not argue that the officer had reasonable suspicion of inattentive driving, the Idaho Supreme Court found that driving through three

3

consecutive intersections with the turn signal engaged was sufficient to support reasonable suspicion of inattentive driving. *Id.* at 436, 958 P.2d at 593.

The district court distinguished the facts of this case from *Deen* on the basis that King executed the left turn before the officer stopped her. The district court determined that, once King turned left, her behavior was simply engaging the turn signal for an extended period of time, which dissipated any reasonable suspicion the officer had. Although the district court is correct that it is not illegal to engage a turn signal for an extended period of time, it is enough to support reasonable suspicion of inattentive driving under *Deen*. As the Idaho Supreme Court noted, the potential for danger to drivers relying on the turn signal, combined with the time of night, form a sufficient basis to stop a driver for driving through intersections with a turn signal engaged. *Id*. The fact that King ultimately turned does not distinguish this case from *Deen*. Thus, the officer had a reasonable suspicion to stop King for inattentive driving, and the district court erred in failing to apply *Deen*. Accordingly, the district court's order on intermediate appeal is reversed.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR**.