785 P.2d 619

**In the Matter of the Suspension of the Driver's License of Randy M. BRINK.**

**Randy M. BRINK, Petitioner–Respondent Respondent on Appeal,**

v.

**STATE of Idaho, Respondent–Appellant Appellant on Appeal.**

No. 17929.

Supreme Court of Idaho.

Jan. 12, 1990.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for appellant. Myrna A.I. Stahman argued.

Roark, Donovan, Praggastis & Phillips, Ketchum, for respondent. Kathleen E. Rivers argued.

McDEVITT, Justice.

This is an appeal from the district court's affirmance of the magistrate court in a drunk driving case. The magistrate held that under I.C. § 18–8002, Brink's license, which had been suspended because he refused to submit to an evidentiary test, had to be returned to him because the police did not have probable cause to stop him.

## FACTS

In the early morning hours of June 5, 1988, Trooper Tiller passed a twenty-year-old van on Highway 75, somewhere between Hailey and Ketchum. Trooper Tiller noticed that the van was going slower than the posted speed limit and suspected a possible DUI. He turned his patrol car around and followed the van for approximately two and one-half miles. The trooper determined that the van was driving 35 miles per hour; 20 miles an hour below the posted speed limit. He also noticed that although the van never crossed the center line or went off the road, it weaved and crossed the fog line two or three times. The trooper flashed his lights and pulled the van over. The driver, Brink, staggered out of the van, spoke with a slurred voice and smelled strongly of alcohol. He was requested to take a field sobriety test, which he failed. The trooper arrested Brink for driving under the influence (DUI) and transported him to the Blaine County Sheriff's Office. There Brink was given an I.C. § 18–8002 advisory form, was advised of his rights, and was requested to take a blood alcohol test. Brink refused to take the test and his license was suspended. He then requested a license suspension hearing.

At the license suspension hearing each side presented facts covering the incident up to the point at which Brink exited the van. Neither side presented any testimony or evidence of what transpired after the trooper stopped Brink. These facts were stated in the officer's initial affidavit in support of the license seizure, but were not addressed at the hearing.

The magistrate determined that while the trooper had an articulable suspicion that Brink was driving under the influence of alcohol, he did not have probable cause to stop Brink as required by the Idaho Supreme Court in *In re Griffiths*, 113 Ida-

ho 364, 744 P.2d 92 (1987).[1] The magistrate ordered the return of Brink's driver's license. The district court affirmed. The State appeals.

### I.

The single issue on appeal is whether suspension of a driver's license based on the driver's refusal to submit to a blood alcohol content test can be upheld under I.C. § 18–8002, where the arresting officer did not have probable cause to stop the driver.

This issue was conclusively resolved in *In re Griffiths,* 113 Idaho 364, 744 P.2d 92 (1987). The *Griffiths* court stated:

> Once a license has been seized, it is the driver defendant who bears the burden of proving that his license must be reinstated. A driver defendant may prevail by showing any one of the following: (1) that the police officer *stopping* the defendant did so without probable cause...."

*Id.* 744 P.2d at 96 (emphasis added).

Because of our opinion in *Griffiths,* we must view the State's appeal as a request to overturn well settled precedent. We decline to do so.

Both lower courts properly ruled that Brink's license must be reinstated because the arresting officer did not have probable cause to stop. The State claims I.C. § 18–8002(4)(b) requires that an officer have probable cause either when the officer stops the driver *or* when, pursuant to a "reasonable suspicion" stop, the officer requests that the driver submit to a blood alcohol test. In this case, the State continues, Trooper Tiller had probable cause at the time he asked Brink to take the blood alcohol content test, so Brink's license suspension for failure to submit should have been upheld.

The State buttresses its claim with arguments on statutory construction, legislative intent and the constitutional propriety of reasonable suspicion stops.

The State first argues that because I.C. § 18–8002 is a civil proceeding that carries with it a penalty it should be liberally construed. The State urges that this liberal construction would require that the word "and" be replaced with the word "or".[2] Under this interpretation, probable cause would only be required at the time of the stop or at the time of the request but not both. This, in turn, would mandate reversal of the magistrate.

The plain and ordinary meaning of the statutory words in question is dispositive of the State's argument that by substituting the word "or" for the word "and" we would better fulfill the legislature's desire to enhance safety on Idaho's roads. "In the interpretation of a statute the court's only concern is to ascertain and give effect to the legislative intent as expressed...." *Florek v. Sparks Flying Serv., Inc.,* 83 Idaho 160, 164, 359 P.2d 511, 512 (1961). The language of the statute makes it clear that the legislature's desire to enhance safety on public roadways was tempered by a concern that it not grant officers carte blanche to infringe on the constitutional rights of Idaho motorists.

Appellate courts do not have the authority to perform the type of open sentence surgery that the State requests. *See Roe v. Hopper,* 90 Idaho 22, 408 P.2d 161 (1965). Judicial construction of the legislature's words is only warranted when the legislature's words do not have a plain and ordinary meaning. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 915, 591 P.2d 1078 (1979); *State v. Riley,* 83 Idaho 346, 349, 362 P.2d 1075, 1076 (1961). The words "the court shall suspend all his driving privileges immediately for one hundred eighty (180) days unless it finds that the

---

1. The magistrate found that after the stop the police officer "did in fact develop reasonable grounds or probable cause to believe that the defendant had been driving while under the influence of alcohol ..." but this finding is irrelevant to the appeal.

2. The relevant language from I.C. § 18–8002(4)(b) reads: ... the court shall suspend all his driving privileges immediately for one hundred eighty (180) days unless it finds that the police officer did not have probable cause to stop and request him to take the test...."

police officer did not have probable cause to stop *and* request him to take the test ..." found in I.C. § 18–8002(4)(b), have a plain and ordinary meaning. The word "and", as used in "probable cause to stop 'and' request", is plainly conjunctive. It joins together the words "stop" and "request". The result is that the officer must have probable cause to stop the driver *and* probable cause to request that the driver submit to a blood alcohol content test. The State's requested revision would transform the phrase into one that is disjunctive rather than conjunctive. Healthy language of the legislature needs no incision by judicial pen.

Decision of the magistrate is affirmed. Costs to defendant.

BISTLINE, JOHNSON and BOYLE, JJ., concur.

BAKES, Chief Justice, concurring specially:

At all stages of the proceedings in this matter the State has assumed that the officer did not have probable cause to stop Brink's motor vehicle, but only an "articulable suspicion." As the majority opinion correctly points out, before a suspension is authorized for refusal to take a blood alcohol test, I.C. § 18–8002(4)(b) requires the officer to have probable cause, not merely articulable suspicion, to stop a motor vehicle and request the operator to submit to a blood alcohol test. Because the State has not asserted that there was probable cause we need not address whether or not, on the facts of this case, there was probable cause. Our decision, as I understand it, only holds that under I.C. § 18–8002 an officer must have "probable cause to stop and request him to take the test" before a valid suspension can occur. Because the State has never asserted that there was probable cause to stop the appellant Brink, this case is controlled by the provisions of I.C. § 18–8002(4)(b), and the decision below must be affirmed.