958 P.2d 592

**In the Matter of the Driver's License Suspension of Trudy M. Deen.**

**Trudy M. DEEN, Petitioner–Respondent,**

v.

**STATE of Idaho, Respondent–Appellant.**

No. 24051.

Supreme Court of Idaho,
Boise, March 1998 Term.

May 19, 1998.

Hon. Alan G. Lance, Attorney General; Michael A. Henderson, Kimberly A. Coster, Deputy Attorney Generals, Boise, for respondent-appellant. Kimberly A. Coster argued.

Davison, Copple, Copple, Copple & Ludwig, Boise, for petitioner-respondent. Heather Anne Cunningham argued.

JOHNSON, Justice.

This is a driver's license suspension case. We conclude that the officer who stopped the motorist had reasonable and articulable suspicion for doing so and uphold the suspension of the driver's license for her failure to take the evidentiary test for alcohol in her blood when requested.

I.

THE BACKGROUND AND PRIOR PROCEEDINGS

About midnight on October 27, 1996, a Boise City police officer (the officer) stopped a vehicle being driven west on Bond Street in Boise by Trudy M. Deen (Deen) after observing Deen activate her right-hand turn signal and then fail to make the indicated right-hand turn at three consecutive intersections. The officer detected the odor of alcohol on Deen's breath and asked her if she had been drinking. Deen admitted that she had. Deen failed the field sobriety tests and refused to take the evidentiary test for concentration of alcohol in her blood (the test). Pursuant to section 18–8002(4)(a) of the Idaho Code (I.C.), the officer seized Deen's driver's license and issued her a temporary permit.

Deen requested a hearing to show cause why she did not submit to the test. At the hearing before the magistrate judge, Deen argued that the stop by the officer was invalid because he lacked a reasonable and articulable suspicion that the vehicle was being driven contrary to traffic laws. Following the hearing, the magistrate judge found that the officer's seizure of Deen's license was proper and ordered Deen's license suspended. Deen appealed. On appeal, the district judge reversed the magistrate judge's order suspending Deen's driver's license. The State appealed.

II.

THE OFFICER HAD REASONABLE AND ARTICULABLE SUSPICION TO STOP DEEN.

The State asserts that the officer had probable cause to believe Deen had violated a

traffic law. We conclude that the officer had a reasonable and articulable suspicion that Deen was driving inattentively and therefore had legal cause to stop her vehicle.

I.C. § 18–8002(4) requires the court to suspend the driving privileges of a motorist who refuses to submit to the test unless the court finds that the officer did not have "legal cause" to stop the motorist. Until 1992, this statute required the motorist to show that the officer lacked "probable cause" to stop and request the motorist to take the test. In 1992, the legislature amended this statute to substitute "legal cause" for "probable cause." 1992 Idaho Sess. Laws, ch. 133, § 1, 416, 417. The statement of purpose for this amendment states that the purpose of the amendment was to "allow the court to apply the proper legal standard appropriate to both the issue of stopping the vehicle (i.e. probable cause, reasonable suspicion, community caretaking function, etc.) and to request the driver to take an evidentiary test." *Matter of Brink,* 117 Idaho 55, 785 P.2d 619 (1990), cited by the State and which refers to probable cause to stop a motorist, was decided before the 1992 amendment to I.C. § 18–8002(4) and is not applicable on this point.

In *State v. Emory,* 119 Idaho 661, 809 P.2d 522 (Ct.App.1991), our Court of Appeals correctly noted that the U.S. Supreme Court has ruled that the Fourth Amendment requires that "a traffic stop must be supported by reasonable and articulable suspicion that the vehicle is being driven contrary to the traffic laws or that either the vehicle or an occupant is subject to detention in connection with violation of other laws." *Id.* at 663, 809 P.2d at 524. In *Emory,* our Court of Appeals also correctly noted: "The reasonable suspicion standard requires less than probable cause, but more than speculation or instinct on the part of an officer." *Id.* at 664, 809 P.2d at 525. There must be "some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." *United States v. Cortez,* 449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). In addition, the reasonableness of the suspicion must be evaluated based on the totality of the circumstances at the time of the stop, *id.,* including the time of the seizure. *State v.*

*Rawlings,* 121 Idaho 930, 932–33, 829 P.2d 520, 522–23 (1992) (noting that the seizure occurred in the "predawn hours"). Finally, "[a]lthough it later [might become] apparent that [the motorist] was indeed intoxicated, the suspicion for the stop must be based upon objective information available to the officer when he decided to make the stop. . . . " *Emory,* 119 Idaho at 664, 809 P.2d at 525.

Deen's conduct in activating her turn indicator and then leaving it flashing while she drove through three consecutive intersections provided the officer with reasonable and articulable suspicion that Deen was engaged in inattentive driving, which is a violation of the motor vehicle code. I.C. § 49–1401(3). The fact that the officer did not testify in the hearing before the magistrate judge that Deen violated I.C. § 49–1401(3) or that the State did not argue I.C. § 49–1401(3) as the basis of the stop until this appeal does not prevent our consideration of this statute as a basis for the officer's action. Reasonable and articulable suspicion is an objective test and depends neither upon the individual officer's subjective thoughts nor upon the bases previously offered by the State to justify the stop.

In his testimony at the hearing before the magistrate judge, the officer characterized the stop as "a public safety investigation" and noted that "[i]f anybody had been coming off any of these streets they would have seen that she had her turn signal on and they may have proceeded to just come out and she would have T-boned them." This, together with the circumstance that it occurred about midnight, was a sufficient basis to support an objective decision that Deen's driving posed a risk to persons or property in violation of I.C. § 49–1401(3).

III.

CONCLUSION

We reverse the district judge's reversal of the magistrate judge's order and reinstate the suspension of Deen's driver's license.

We award the State costs on appeal.

SILAK, SCHROEDER and WALTERS, JJ., and SCHWARTZMAN, J. Pro Tem., concur.