IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 45355

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: August 21, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| TIMOTHY SALAS, JR., | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jay P. Gaskill, District Judge.

Order denying motion to suppress, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Lara E. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeffery D. Nye, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Timothy Salas, Jr., appeals from the judgment entered upon his conditional guilty plea to trafficking heroin. Specifically, he contends the district court erred by denying his motion to suppress on the basis the traffic stop was unlawful. For the reasons set forth below, we affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

A trooper observed a vehicle driven by Salas make what the trooper characterized as an unsafe lane change in front of a semi-truck, and then shortly thereafter the vehicle turned off the highway. The trooper followed the vehicle and conducted a traffic stop for failing to signal in violation of Idaho Code § 49-808. During a subsequent search of the vehicle, the trooper found marijuana and heroin, and Salas was charged with trafficking in heroin, I.C. § 37-2732B(a)(6)(B).

1

Salas filed a motion to suppress evidence found as a result of the search of his vehicle based on his assertion the trooper lacked reasonable, articulable suspicion that Salas failed to use his traffic signal when he turned off the highway. The court conducted oral arguments and, while no witnesses were called, the trooper's dash cam video footage and the preliminary hearing transcript were submitted to the court. The district court denied the motion, determining the State established the trooper had reasonable suspicion to conduct the traffic stop.

Salas entered into a conditional guilty plea, reserving his right to appeal the court's denial of his motion to suppress. The court imposed a sentence of five years, with three years determinate, and stayed the sentence pending this appeal.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id.* An officer may draw reasonable inferences from the facts in his or her possession, and those

inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

## III.

## ANALYSIS

Salas requests that this Court vacate his judgment and reverse the district court's order denying his motion to suppress. He contends the district court erred in concluding the trooper had reasonable suspicion to effectuate a traffic stop because there is no evidence demonstrating he failed to signal as required by I.C. § 49-808, which provides in relevant part:

> (1) No person shall turn a vehicle onto a highway or move a vehicle right or left upon a highway or merge onto or exit from a highway unless and until the movement can be made with reasonable safety nor without giving an appropriate signal.
> (2) A signal of intention to turn or move right or left when required shall be given continuously to warn other traffic. On controlled-access highways and before turning from a parked position, the signal shall be given continuously for not less than five (5) seconds and, in all other instances, for not less than the last one hundred (100) feet traveled by the vehicle before turning.

Salas bases his arguments that the trooper lacked reasonable suspicion that Salas was driving contrary to traffic laws on video taken from the trooper's dash camera. Salas notes the video shows that there is a great distance between his vehicle and the patrol car, and no lights from Salas's vehicle or the semi-truck that Salas passed are visible until the trooper is close to turning off the road. Thus, Salas argues the video demonstrates the trooper was unable to see the right turn signal of Salas's vehicle. Further, he notes that the video footage shows that his turn signal is on when the trooper effectuates the traffic stop; therefore, he argues the video footage contradicts the trooper's testimony.

At the preliminary hearing in the instant case, the trooper testified that what drew his attention to Salas was the manner in which he passed a semi-truck. The trooper stated that "it was not a safe lane change" due to his observation that Salas "suddenly changed lanes from the left lane to the right lane right directly in front of that semi . . . as well as the close proximity to that semi." When asked if Salas used his signal during the transition, the trooper testified that Salas did not. The trooper also testified he did not see Salas use his turn signal when Salas turned off the highway. While he acknowledged there was a gap during which he could not see Salas's vehicle, the trooper testified that it only lasted "[p]ossibly a second, second-and-a-half. It was a very short time." He stated he did not see Salas use his signal either before or after this

3

short gap. The statute in question requires that "intention to turn or move right or left . . . shall be given continuously for not less than five (5) seconds." I.C. § 49-808. Therefore, even if Salas had his signal on during the time he was out of the trooper's view, it was less than the required five seconds. Additionally, when the trooper told Salas the reason for the traffic stop, Salas apologized for not having his signal on and stated, "That's my fault."

Salas's arguments are largely based on attacking the credibility of the trooper by stating he could not have seen the signal even if he believed he could. However, as noted above, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *Valdez-Molina*, 127 Idaho at 106, 897 P.2d at 997; *Schevers*, 132 Idaho at 789, 979 P.2d at 662. Further, the video is not dispositive of the issue of whether Salas's signal light was flashing, and it does not negate the trooper's testimony. Salas's arguments regarding the dash cam footage are based on the premise that the footage is precisely what the trooper was able to see. However, we agree with the following conclusion of the district court:

> While video is often useful to give a real-world view of traffic stops, it is also true that it [] does not replace [] the in-person observations of the people involved at the scene. Here, the Trooper testified as to his training and experience, and as to his observations of the failure to signal. The video does not establish one way or another whether the signal was on. There is no evidence in the record, only argument, claiming the signal was not on.

This case is analogous to *State v. Brooks*, 157 Idaho 890, 341 P.3d 1259 (Ct. App. 2014). Like the instant case, the driver in *Brooks* was stopped after an officer observed the driver change lanes on the interstate without signaling for at least five continuous seconds in violation of I.C. § 49-808, and the stop resulted in the driver being charged with possession of a controlled substance. *Brooks*, 157 Idaho at 891, 341 P.3d at 1260. He also filed a motion to suppress evidence obtained as a result of the stop and entered a conditional guilty plea to possession of a controlled substance, preserving his right to appeal the denial of his motion to suppress. *Id.* This Court held:

> As found by the district court, Brooks failed to signal for at least five continuous seconds before moving from the left lane to the right lane on a controlled-access highway. This violation of the traffic laws provided reasonable suspicion for the stop, during which a controlled substance was discovered in plain view. As a result, the district court did not err in denying Brooks's motion to suppress.

*Id.* at 894, 341 P.3d at 1263.

4

The district court's factual finding that Salas failed to signal for at least five seconds, as required by I.C. § 49-808, is supported by substantial evidence. The district court did not err in concluding the trooper had reasonable suspicion that Salas was driving contrary to Idaho law and legally effectuated the traffic stop. Accordingly, the district court's denial of the motion to suppress is affirmed.

## IV.

## CONCLUSION

The district court did not err in denying Salas's motion to suppress because the officer had reasonable articulable suspicion that Salas failed to signal in contravention of I.C. § 49-808. Salas's judgment of conviction for trafficking in heroin entered upon his conditional guilty plea is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.