**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47032**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 9, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MATTHEW BOYD DAVIS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel Hoagland, District Judge.

Judgment of conviction for possession of methamphetamine, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.
_____

BRAILSFORD, Judge

Matthew Boyd Davis appeals from his judgment of conviction for possession of methamphetamine. Specifically, Davis appeals the district court's denial of his motion to suppress. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

At about 2:45 a.m. on July 5, 2018, Officer Stokes was in his patrol car parked at a gas station in Boise when he observed a red Chevy Cavalier exit the gas station parking lot onto an adjacent roadway. He testified that the vehicle did not come to a complete stop but, rather, very slowly rolled out of the parking lot. He did not observe brake lights. Further, Officer Stokes testified that he followed the vehicle, noticed neither of the vehicle's taillights was operational, and "flicked off" his headlights to confirm the taillights were not working. Officer Stokes

1

testified that, after flicking his headlights off, he was 100 percent certain the vehicle's taillights were not operational. At that point, Officer Stokes turned on his overhead lights and initiated a traffic stop.

Officer Stokes identified the driver as Davis and discovered Davis's driver's license was suspended. Two other officers accompanied Officer Stokes during the stop and noticed an open container of alcohol in Davis's car and a large bulge in his right pants pocket. After Officer Stokes instructed Davis to exit the car, Davis fled but was tackled, handcuffed, and arrested. During a search incident to arrest, Officer Stokes discovered a sunglass case containing methamphetamine and drug paraphernalia.

As a result of this incident, the State charged Davis with possession of methamphetamine, possession of drug paraphernalia, resisting and obstructing an officer, driving without privileges, and possession of an open container. Additionally, Officer Stokes cited Davis for two traffic infractions: failing to stop when emerging from a driveway in violation of Idaho Code § 49-651 and operating a vehicle without taillights in violation of I.C. § 49-906.

Davis challenged these traffic citations. After a bench trial at which Officer Stokes, Davis and a third-party witness testified, a magistrate court found Davis not guilty of the alleged traffic violations. Thereafter, in this criminal case, Davis filed a motion to suppress the evidence discovered as a result of the traffic stop. In support of his motion, Davis argued that, during the infraction trial, credible witnesses disputed Officer Stokes's testimony that Davis committed the alleged infractions; Officer Stokes had no valid reason to stop Davis; the magistrate court had already weighed the witnesses' credibility to determine Davis was not guilty of the infractions; and as a result, Officer Stokes did not have reasonable suspicion for the traffic stop.

In contrast to the infraction trial, Officer Stokes was the only witness to testify during the suppression hearing. At the hearing's conclusion, Davis moved the district court to take judicial notice of the transcripts of the testimony during the infraction trial. The court denied this motion and ruled that Officer Stokes had reasonable suspicion to stop Davis. Specifically, the court ruled that, even if Davis completely stopped before entering the roadway, Officer Stokes had reasonable suspicion to stop Davis based on Officer Stokes's observation of the inoperable taillights on Davis's vehicle.

2

Thereafter, Davis conditionally pled guilty to possession of methamphetamine in exchange for the State's dismissal of the other criminal charges, and he reserved his right to appeal the denial of his motion to suppress. Davis timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Davis asserts Officer Stokes did not have reasonable suspicion to initiate the traffic stop. A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

On appeal, Davis argues Officer Stokes's testimony at the suppression hearing did not establish he observed a traffic violation and is, therefore, inadequate evidence of reasonable

3

suspicion.[1]  This argument is unpersuasive.  Idaho law requires a vehicle to be equipped with two operable taillights.  I.C. § 49-906(1); *see also* I.C. § 49-903 (requiring lights visible at a distance of 500 feet from sunset to sunrise).  "Observation of a traffic violation provides reasonable suspicion to justify a limited stop." *State v. Brooks*, 157 Idaho 890, 892, 341 P.3d 1259, 1261 (Ct. App. 2014); *see also Deen v. State*, 131 Idaho 435, 436, 958 P.2d 592, 593 (1998) (requiring traffic stop to be supported by reasonable, articulable suspicion vehicle is being driven contrary to traffic laws).

At the hearing, Officer Stokes testified he observed a traffic violation, namely that Davis was operating a vehicle without operable taillights in violation of I.C. § 49-906.  Specifically, Officer Stokes testified that, after Davis's vehicle exited the parking lot, Officer Stokes followed the vehicle; he noticed neither of the vehicle's taillights was operational; he "flicked off" his headlights to confirm the taillights were not working; and at that point, he was 100 percent certain the vehicle's taillights were not operational.  Only after confirming the taillights were inoperable did Officer Stokes activate his overhead lights to initiate the traffic stop.

We disagree with Davis's assertion that Officer Stokes's testimony at the suppression hearing on this issue was "conflicting" or that Officer Stokes's ability to determine whether the taillights were operable was somehow impeded by the fact that the street on which Davis was traveling was "well lit."  More importantly, we give great deference to a trial court's credibility determinations.  *State v. Miller*, 131 Idaho 288, 295, 955 P.2d 603, 610 (Ct. App. 1997).  At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court.  *Valdez-Molina*, 127 Idaho at 106, 897 P.2d at 997; *Schevers*, 132 Idaho at 789, 979 P.2d at 662.  We will not set aside a trial court's credibility determination unless it is not supported by substantial and competent evidence and is, thus, clearly erroneous.  *Stuart v. State*, 127 Idaho 806, 813-14, 907 P.2d 783, 790-91 (1995).  In this case, substantial and competent evidence supports the district court's conclusion that Officer Stokes's testimony was credible and that he had reasonable suspicion to initiate the stop based on his observation that Davis's vehicle did not have operable

---

[1]  On appeal, Davis does not challenge the district court's denial of his motion to take judicial notice of the witness testimony from his infraction trial or otherwise argue that the magistrate court's conclusion, after the infraction trial, that he was not guilty of either alleged traffic infraction somehow undermines Officer Stokes's reasonable suspicion to initiate the traffic stop.

4

taillights.  Because we hold this observation established reasonable suspicion, we do not need to address whether Officer Stokes also had reasonable suspicion to stop Davis based on Officer Stokes's belief that Davis failed to make a complete stop before entering the roadway.

## IV.

## CONCLUSION

The district court did not err by concluding reasonable suspicion existed to initiate the traffic stop.  Accordingly, we affirm Davis's judgment of conviction for possession of methamphetamine.

Judge GRATTON and Judge LORELLO **CONCUR**.